UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MONNICA GARCIA,
As Personal Representative of the estate of
Anthony Mancini,

        Plaintiff,

v.                                                                    Case No. 14-cv-1075 KG/SCY

CCA of TENNESSEE, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Amend Her Complaint, (Doc. 15), filed on December 23, 2014, pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff's original complaint, filed in the Second Judicial District Court of the State of New Mexico, names Torrance County Detention Facility (TCDF) as one of the defendants in this lawsuit. (Doc. 1-1). Plaintiff also names CCA Tennessee, LLC as a defendant. Plaintiff now seeks leave to amend her complaint to add the Board of County Commissioners for Torrance County (the County), stating, "It has come to Plaintiff's attention that the Board of County Commissioners for the County of Torrance is the proper party to this matter, and should replace Torrance County Detention Facility as a Defendant in this matter." (Doc. 15) at 1-2. Plaintiff also seeks leave to amend her complaint by adding Corrections Corporation of America, Inc. (CCA, Inc.), as a party "responsible for the management, operation and maintenance of the [TCDF] and employer/contractor of medical staff at the facility." *Id*. at 3-4. Finally, Plaintiff seeks to amend the complaint to read "Third Cause of Action: Respondeat Superior Against All Defendants," stating Presbyterian Health Services was added as a culpable party as a result of a "clerical mistake." *Id*. at 4. On January 23, 2015, Defendants filed a Response to Plaintiff's Motion to

Amend Her Complaint, (Doc. 24), and on February 6, 2015, Plaintiff filed her Reply, (Doc. 25). On August 25, 2015, this Court heard oral arguments telephonically from the parties on the questions of whether this matter should be remanded and whether the complaint should be amended.[1]  Having considered the briefs, arguments and controlling authority, I deny in part and grant in part Plaintiff's motion to amend.

*Standard of Review*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  Moreover, Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the United States Supreme Court analyzed Rule 15(a)(2), stating that "futility of amendment" is a basis for not freely giving leave to amend.  *Id.* at 182 (quoting Fed. R. Civ. P. 15(a)(2)).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).

Defendants assert the motion to amend is futile, arguing that any claim against the County under a theory of respondeat superior would fail in part because "Plaintiff's proposed First Amended Complaint fails to identify any independent basis of liability for the County, as it does not identify any particular acts allegedly committed by the County that were improper. Rather, Plaintiff simply believes (without explaining how or why she came to that belief) that the

---

[1] On August 25, 2015, this Court denied Plaintiff's motion to remand, (Doc. 17), ordering TCDF dropped as a party pursuant to Fed. R. Civ. P. 21.  (Doc. 30).

County owns and operates TCDF, including inmate health services." (Doc. 24) at 5.  In addition, Defendants argue Plaintiff has failed to provide any basis for respondeat superior against the County.  I agree with both arguments.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).  Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...."  *Id.*  In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citations omitted).

"The employer of an independent contractor is generally not liable for physical harm caused to another by a negligent act or omission of the contractor or his servants." *Valdez v. Yates Petroleum Corp.,* 141 N.M. 381, 385 (Ct. App. 2007).  The question of whether a contractor is liable turns on whether the contractor/employer "has the right to control the details of the work to be performed." *Savinsky v. Bromley Group, Ltd.,* 106 N.M. 175 (Ct. App. 1987).

3

Here, the Plaintiff failed to plead a facially plausible claim that the County had the right to or did control the work performed by CCA.  Plaintiff states, "Upon information and belief, [the County] is the owner and operator of Torrance County Detention Facility, and contracts with [CCA] regarding the operations of the [TCDF], including the inmate health services."  (Doc. 15) at 2.  In her Reply, Plaintiff provides that "[h]istorically the two entities [CCA and the County,] have contracted in order for CCA to detain prisoners held under [the County's] municipality."  (Doc. 25) at 4.  In response to Defendants' claim that the County has no control over CCA, Plaintiff only offers, "looking at the historical relationship between the two entities, this claim may be false."  *Id*.  She also suggests that it is necessary to substitute the County for TCDF "in order to properly review the contracts and agreements between the two entities.  Moreover, it seems like [the County] has even paid for medical services regarding an inmate at TCDF as recently as 2014," without providing any more factual support.  *Id*. at 5.  The fact that there has previously been control proves that there still may be control.  *Id*.  Plaintiff's basis for a claim against the County rises no higher than labels, conclusions, formulaic recitations, and mere speculation, which are insufficient to survive a Rule 12(b)(6) analysis.  As a result, I find that Plaintiff's motion to amend to add the County as a defendant is futile.  If, after sufficient discovery, however, Plaintiff determines sufficient facts to establish control by the County, she may renew her motion to amend.

Defendants do not oppose Plaintiff's motion insofar as it would add CCA, Inc., as a defendant and insofar as it would correct Plaintiff's inadvertent reference to Presbyterian Healthcare Services in the third cause of action.  I agree that the complaint shall be amended in this regard.

4

Accordingly, Plaintiff's Motion (Doc. 15) is DENIED in part and GRANTED in part, and Plaintiff shall file her amended complaint consistent with this Memorandum Opinion and Order no later than September 25, 2015.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE