IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONNICA GARCIA as Personal Representative of the
ESTATE OF ANTHONY MANCINI,

    Plaintiff,

v.                                                1:14-cv-1075 KG/SCY

CCA OF TENNESSEE, LLC,
CCA HEALTH SERVICES, LLC, **CCA, Inc.,**
and JOHN DOES 1-10,

    **Defendants.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, MEDICAL NEGLIGENCE, RESPONDEAT SUPERIOR, AND PUNITIVE DAMAGES

COMES NOW, the Plaintiff, Monnica Garcia as Personal Representative of the Estate of Anthony Mancini, by and through her attorneys of record, Paul M. Dominguez (MARBLE LAW) and Leon Howard (THE LAW OFFICE OF LUCERO & HOWARD, LLC) and for her causes of action, state as follows:

## PARTIES AND VENUE

1.     Plaintiff Monnica Garcia is the duly appointed Personal Representative of the Estate of Anthony Mancini. Monnica Garcia is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico at all times material to the allegations of this Complaint.

2.     Defendant CCA TENNESSEE, LLC (hereinafter referred to as "CCA"), is a foreign for-profit limited corporation that owns and operates numerous prison facilities within the State of New Mexico, including Torrance County Detention Facility **(TCDF)** located at 209

County Road A049, Estancia, NM 87016.  CCA's registered agent is Kennedy, Mouton and Wells, P.C., located at 2201 Third Street NW, Albuquerque, New Mexico 87102.

3. Defendant CCA HEALTH SERVICES, LLC. (hereinafter referred to as "CCA HEALTH"), is a foreign for-profit limited corporation that is managed by Defendant CCA and, upon information and belief, provides health services to numerous prison facilities within the State of New Mexico, including Torrance County Detention Facility located at 209 County Road A049, Estancia, NM 87016.  CCA Health's registered agent is Kennedy, Mouton and Wells, P.C., located at 2201 Third Street NW, Albuquerque, New Mexico 87102.

4. **Defendant CCA, INC.** (hereinafter referred to as "CCA, Inc.") is a for-profit corporation with a principal place of business in New Mexico located at 1700 East Old Hwy 66, Grants, New Mexico 87021.  Upon information and belief, provides health and prison facilities within the State of New Mexico, including Torrance County Detention Facility, and is the parent corporation to CCA of Tennessee, LLC and CCA Health, LLC.  CCA's registered agent is Kennedy, Mouton and Wells, P.C., located at 2201 Third Street NW, Albuquerque, New Mexico 87102.

5. Defendant Does 1-10 are unknown health care providers, and for-profit corporations who may have provided or participated in the healthcare given to Anthony Mancini, during the time(s) of the incident described in this Complaint.

6. All acts complained of herein occurred in the City of Estancia, County of Torrance, State of New Mexico.

7. Jurisdiction and venue are proper with this Court pursuant to NMSA 1978 § 38-3-1 (2003).

## PLAINTIFFS' STATEMENT OF FACTS

8. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

9. Anthony Mancini was a fifty-three (53) year old inmate detained at TCDF.

10. On November 18, 2011, Mr. Mancini presented to Medical with a rash and explained that when he eats tomatoes he breaks out in a rash and can have an anaphylactic reaction.

11. On December 30, 2011, Mr. Mancini ingested tomatoes and began to suffer from tingling in his neck with a rash on his face and under his arms. He was given 75mg of Benadryl and his allergic reaction subsided.

12. On February 6, 2012, Mr. Mancini again inadvertently ingested tomatoes. Again, he began to suffer from a rash on his neck and arms. Again he was given 75mg of Benadryl and his allergic reaction subsided.

13. On October 16, 2012, at 10:22 p.m., Mr. Mancini presented to Medical with pain and tightness in his chest when breathing. An undocumented amount of Benadryl was given to Mr. Mancini by Holly Knapp, R.N., and he was sent back to his cell.

14. That night Mr. Mancini suffered from significant pain in his chest, experiencing chest pressure and a burning sensation.

15. The next morning, on October 17, 2012, Mr. Mancini remained in extreme chest pain with the same feeling of pressure and burning, which caused him to go back to Medical that morning at 10:08 a.m.

16. Mr. Mancini complained of burning and pressure in his upper stomach. He was noted, by John Pope, R.N., to be experiencing constant burning pain that worsened with activity.

17. Nurse Pope then diagnosed Mr. Mancini with an upset stomach, gave him two tablets of Tums, and sent him back to his cell.

18. Later that afternoon, at approximately 3:30 p.m., Mr. Mancini's cell-mate found him face down on the floor and not breathing.

19. The emergency call was made at 4:08 p.m., and emergency services were begun thereafter.

20. Mr. Mancini was pronounced dead upon arrival by emergency medical services at 4:38 p.m.

21. The autopsy, performed by Michelle Aurelius, M.D., revealed that Mr. Mancini did not suffer from an allergic reaction or anaphylactic reaction, but rather a cardiac arrest as a result of atherosclerotic coronary artery disease with severe stenosis of his right coronary artery, a treatable medical condition.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH AGAINST ALL DEFENDANTS

22. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

23. As a direct and proximate cause of the negligent acts of all the Defendants, Anthony Mancini died.

24. This action is brought pursuant to the New Mexico Wrongful Death Statute, N.M.S.A. 1978, § 41-2-1 et seq. (2011).

25. This action is brought by the Plaintiff to recover, on behalf of Anthony Mancini, all damages legally available under said New Mexico Wrongful Death Act.

# SECOND CAUSE OF ACTION:
# MEDICAL NEGLIGENCE
# AGAINST ALL DEFENDANTS

26. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

27. In diagnosing, treating, operating, and caring for Anthony Mancini, Defendants were under the duty to possess and apply the knowledge, and use the skill and care ordinarily used by a reasonably well-qualified health care provider practicing under similar circumstances, with due consideration given to locality.

28. Defendants breached their duty by:

a. Failing to properly train the nursing staff to recognize common signs of cardiac arrest;

b. Failing to immediately consult with appropriate medical care providers;

c. Systemic failure to provide appropriate healthcare providers who are legally and medically allowed to diagnose and treat medical conditions;

d. Failing to recognize the signs and symptoms of a myocardial infarction;

e. Failing to develop a differential diagnosis;

f. Failing to consider Mr. Mancini's medical history;

g. Failing to provide a physician to examine a patient with signs and symptoms of a myocardial infarction;

h. Failing to perform an EKG and Cardiac Enzymes STAT;

i. Failing to notify an upper-level provider of Mr. Mancini's sings and symptoms;

j. Failing to equip Medical with an onsite EKG machine;

k. Failing to utilize the EKG machine, if available;

l. Failing to timely and properly document medical interactions; and

    m. Failing to act as a reasonable and prudent health care provider in similar circumstances.

29. The treatment and management of Anthony Mancini during the events described in this Complaint, by all Defendants, were reckless, wanton and performed with utter disregard for his safety and welfare.

30. As a direct and proximate result of the negligent acts and omissions of Defendants, Anthony Mancini sustained serious and irreversible injuries and damage that led to his untimely demise. The total damages are all in an amount not presently determinable, but to be proven at the time of trial.

31. As the direct and proximate result of negligent acts and omissions of Defendants, Anthony Mancini experienced extreme pain and suffering, mental anguish, and emotional distress.

## THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR AGAINST ALL DEFENDANTS

32. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

33. At all times material hereto, acting within the course and scope of their employment by Defendant CCA, Inc., Defendant CCA and Defendant CCA Health; and other employees and agents that Defendants had sufficient control over failed to use ordinary care in providing treatment that a reasonable and prudent health care facility/provider would have provided under the same or similar circumstances by the above-noted acts and/or omissions.

34. At all times material hereto, the aforementioned acts and omissions were committed by individuals employed by and/or under the control of Defendant CCA, Inc.,

Defendant CCA and Defendant CCA Health, thereby making them liable pursuant to the doctrine of *respondeat superior*.

35. The treatment and management of Anthony Mancini during the events described in this Complaint, by all Defendants, was reckless, wanton and performed with utter disregard for his safety and welfare.

36. As a direct and proximate result of the negligent acts and omissions of the Defendants, Anthony Mancini sustained serious and irreversible injuries and damage that led to his untimely demise. The total damages are all in an amount not presently determinable, but to be proven at the time of trial.

37. As the direct and proximate result of negligent acts and omissions of all the Defendants, Anthony Mancini experienced extreme pain and suffering, mental anguish, and emotional distress.

**FOURTH CAUSE OF ACTION**
**PUNITIVE DAMAGES**
**AGAINST ALL DEFENDANTS**

38. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

39. The acts and omissions complained to in the Causes of Action stated above are believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights and safety of Anthony Mancini, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, that punitive damages or exemplary damages to punish and deter these types of acts and omissions from occurring in the future are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter final judgment in favor of the Plaintiff and against the Defendants in an amount to be proven at the time of trial for all of the Estate of Anthony Mancini's damages, compensatory and other, including but not limited to punitive damages, costs associated with bringing this cause of action, reasonable attorney fees as allowed by law, pre-judgment interest and post-judgment interest, wrongful death, loss of enjoyment of life, pain and suffering, mental and emotional distress and for such other further relief as the Court deems just and proper.

Respectfully submitted,

WILL FERGUSON & ASSOCIATES

*/s/ Paul M. Dominguez*
Paul M. Dominguez
*Attorney for Plaintiff*
1720 Louisiana Blvd. NE, Ste. 100
Albuquerque, NM 87102
(505) 243-5566 Telephone
(505) 243-5699 Facsimile

THE LAW OFFICE OF LUCERO & HOWARD, LLC

*/s/ Leon Howard*
Leon Howard
*Attorney for Plaintiff*
PO Box 25391
Albuquerque, NM 87125
(505) 225-8778 Telephone
(505) 288-3473 Facsimile

Dated: September 24, 2015

## CERTIFICATE OF SERVICE

I certify that on the 24th day of September, 2015, a copy of the foregoing Pleading was sent to Attorney for Defendants:

Christina Retts and Jacob B. Lee
Struck Wieneke & Love, P.L.C.
3100 West Ray Road, Suite 300

Deborah D. Wells
Kennedy Moulton & Wells, P.C.
2201 San Pedro N.E., Bldg 3, Suite 200
Albuquerque, NM 87110


 /s/ Leon Howard, 9/24/2015_____