IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MONNICA GARCIA as Personal Representative
of the Estate of Anthony Mancini,

    Plaintiff,

vs.                                      Civ. No. 14-1075 KG/SCY

CCA OF TENNESSEE, LLC,
CCA HEALTH SERVICES, LLC,
CCA, INC.,
and JOHN DOES 1-10,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Second Motion to Amend her Complaint (Motion to Amend), filed on February 11, 2016, one day prior to the deadline for filing motions to amend. (Docs. 41 and 52). Defendants CCA of Tennessee, LLC; CCA Health Services, LLC; and CCA, Inc. (collectively, CCA) filed a response on February 29, 2016, opposing the Motion to Amend and seeking an award of attorneys' fees and costs under 28 U.S.C. § 1927. (Doc. 57). Plaintiff filed a reply on March 17, 2016. (Doc. 59). Then, on March 22, 2016, CCA filed a notice of supplemental authority. (Doc. 61). Having considered the Motion to Amend, the accompanying briefing, the notice of supplemental authority, and the proposed second amended complaint, the Court (1) grants the Motion to Amend in that Plaintiff is allowed to file a second amended complaint to cure certain deficiencies in the proposed second amended complaint, and (2) denies CCA's request under Section 1927 for an award of attorneys' fees and costs.

A. *Background*

    1. *The First Amended Complaint (Doc. 34)*

Plaintiff, as personal representative of the estate of Anthony Mancini, brings this lawsuit against CCA and John Does 1-10 as a consequence of Mancini's death at the Torrance County Detention Center in October 2012. Plaintiff alleges that on October 16, 2012, at 10:22 p.m., Mancini presented to the medical unit with "pain and tightness in his chest when breathing." (Doc. 34) at ¶ 13. Holly Knapp, R.N., allegedly gave Mancini "[a]n undocumented amount of Benadryl" and sent Mancini back to his cell. *Id.* Mancini had explained previously to the medical unit staff that eating tomatoes causes a severe allergic reaction. *Id.* at ¶ 10. Plaintiff contends that the next morning, Mancini returned to the medical unit complaining of "extreme chest pain," chest pressure, and a burning feeling. *Id.* at ¶ 15. According to Plaintiff, John Pope, R.N., diagnosed Mancini "with an upset stomach, gave him two tablets of Tums, and sent him back to his cell." *Id.* at ¶ 17. Plaintiff alleges that later that afternoon Mancini died of a cardiac arrest. *Id.* at ¶¶ 18-21.

Plaintiff brings his First Cause of Action against "Defendants" for wrongful death under the New Mexico Wrongful Death Act. Plaintiff also brings a Second Cause of Action against "Defendants" for medical negligence which caused Mancini to experience "serious and irreversible injuries," pain and suffering, mental anguish, and emotional distress. *Id.* at ¶¶ 30-31. Plaintiff brings a Third Cause of Action against "Defendants" for *respondeat superior* liability. Finally, Plaintiff brings a Fourth Cause of Action against "Defendants" for punitive damages.

    2. *The Proposed Second Amended Complaint (Doc. 52-1)*

Plaintiff proposes to substitute Knapp, Pope, and Karen Kirst-Millspaugh, N.P., for three of the John Doe Defendants. In addition to the allegations already presented in the First

Amended Complaint, Plaintiff contends that on October 16, 2012, at 10:22 p.m., Kirst-Millspaugh directed Knapp to give Mancini Benadryl and to send him back to his cell.  (Doc. 52-1) at ¶ 16.  Plaintiff's proposed causes of action remain the same and continue to refer to "Defendants."

*B. Discussion*

CCA argues first that it would be futile to add Knapp, Pope, and Kirst-Millspaugh as Defendants, because the statutes of limitations for the First and Second Causes of Action bar suit against those individuals, and those causes of actions would not relate back to the original complaint under Fed. R. Civ. P. 15(c).  CCA further argues that, even if the First and Second Causes of Action against Knapp, Pope, and Kirst-Millspaugh relate back to the original complaint, the proposed second amended complaint is subject to dismissal under Fed. R. Civ. P. 8(a)(2) and 12(b)(6).  CCA contends that a dismissal would be appropriate due to Plaintiff's failure "to specify what each individual is alleged to have done wrong and/or what their alleged responsibilities in providing care to the decedent were."  (Doc. 57) at 8.  Finally, CCA argues that it is entitled to attorneys' fees and costs under Section 1927, because "Plaintiff made the strategic decision to not name Pope, Kirst-Millspaugh, and Knapp in her original Complaint, despite knowing their identities, yet now seeks to add them after the statute of limitations for purely tactical reasons causing unnecessary fees and costs in the opposition of such improper attempts."  *Id.* at 9.

*1. Whether It Would be Futile to Amend the Complaint a Second Time*

Under Rule 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave."  However, Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In *Foman v. Davis,*

the United States Supreme Court analyzed Rule 15(a)(2), stating that "futility of amendment" is a basis for not freely giving leave to amend. 371 U.S. 178, 182 (1962) (quoting Rule 15(a)(2)).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999). If the statute of limitations has run on a proposed cause of action, the proposed cause of action is also futile unless it relates back to the original complaint under Rule 15(c). *Bell v. City of Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008). In a situation like this case, "[s]ubstituting a named defendant for an original, unknown 'John Doe' defendant amounts to adding a new party and an amendment that adds a new party relates back to the complaint when the party to be brought in by amendment '[1] received such notice of the action such that it will not be prejudiced in defending on the merits; and [2] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.* (citation omitted) (quoting Rule 15(c)(1)(C)(i)-(ii)).

*a. The Statutes of Limitations and Relation Back to the Original Complaint*

*(1) The First Cause of Action: the New Mexico Wrongful Death Act*

The three year statute of limitations under the New Mexico Wrongful Death Act accrues at the time of death. *Clark v. Lovelace Health Systems, Inc.*, 2004-NMCA-119, ¶ 20,136 N.M. 411. Hence, the statute of limitations for the First Cause of Action expired in October 2015, three years after Mancini's death. Because the statute of limitations has run on that cause of action, the First Cause of Action against Knapp, Pope, and Kirst-Millspaugh must meet Rule 15(c)(1)(C) to relate back to the original complaint and, thereby, not constitute a futile cause of

action. Plaintiff, however, has not provided any evidence that Knapp, Pope, or Kirst-Millspaugh received any notice of this lawsuit or that there was a "mistake concerning the proper party's identity." Consequently, the First Cause of Action against Knapp, Pope, and Kirst-Millspaugh does not relate back to the original complaint and would be futile to bring. The Court will, therefore, not allow Plaintiff to amend his complaint a second time to include Knapp, Pope, and Kirst-Millspaugh as Defendants in the First Cause of Action.

*(2) The Second Cause of Action: Medical Negligence*

In New Mexico, the statute of limitations for a common law medical negligence cause of action is three years and accrues "when the plaintiff knows or with reasonable diligence should have known of the injury and its cause." *Roberts v. Sw. Cmty. Health Servs.*, 1992-NMSC-042, ¶¶ 23, 27, 114 N.M. 248. In this case, in January 2013, Plaintiff's attorney submitted a New Mexico Tort Claims Act notice to the Torrance County Detention Center alleging, *inter alia*, medical negligence by unnamed Torrance County Detention Center staff. (Doc. 57-1) at 1. Also in January 2013, Plaintiff's attorney approved a proposed state court order appointing her as personal representative for Mancini's estate under the New Mexico Wrongful Death Act. (Doc. 59-1) at 2. The state court judge entered the personal representative appointment order in February 2013. *Id.* Several months later, Plaintiff received Mancini's CCA medical records in July 2013. *Id.* at 1. Once Plaintiff received Mancini's CCA medical records, Plaintiff knew, in July 2013, what actions Knapp, Pope, and Kirst-Millspaugh took with respect to Mancini's care. Applying the three year statute of limitations beginning in July 2013, the Court concludes that the statute of limitations for the medical negligence cause of action has not yet run. Consequently, the Second Cause of Action is not futile based on the running of the statute of limitations.

### b. Dismissal under Rules 8(a)(2) and 12(b)(6)

Pursuant to Rule 8(a)(2), "[a] pleading that states a claim for relief must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

Rule 8(a)(2) is incorporated into the Rule 12(b)(6) analysis. *U.S. ex rel Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010). As with Rule 12(b)(6), "to overcome a [Rule 8(a)(2)] motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." *Id.* at 1167. This Rule 8(a)(2) plausibility requirement "serves ... to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

Here, CCA rightly complains that the proposed second amended complaint simply lumps "Defendants" together in the causes of action, thereby making it impossible for Knapp, Pope, or Kirst-Millspaugh to discern what specific misconduct they each allegedly engaged in which would entitle Plaintiff to legal relief. In other words, by lumping the "Defendants" in the causes of action, and providing no factual bases to distinguish their conduct, the causes of action leave

6

the Court, Knapp, Pope, and Kirst-Millspaugh to speculate as to who did what.  The causes of action, therefore, do not allow the Court to draw a reasonable inference that Knapp, Pope, and Kirst-Millspaugh are liable for the harm Mancini suffered.  Consequently, the causes of actions against Knapp, Pope, and Kirst-Millspaugh lack plausibility and would be subject to dismissal under Rules 8(a)(2) and 12(b)(6).  *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy" Rule 8(a)(2) minimum standard.).  Although this lack of plausibility provides a basis for denying Plaintiff's request to file the proposed second amended complaint as written, in the interest of justice, the Court will allow Plaintiff to file a second amended complaint which (1) adds Knapp, Pope, and Kirst-Millspaugh as Defendants with respect to the Second, Third, and Fourth Causes of Action, and (2) details the conduct Knapp, Pope, or Kirst-Millspaugh engaged in that entitles Plaintiff to relief under those causes of action.

      *2. CCA's Section 1927 Request for an Award of Attorneys' Fees and Costs*

Section 1927 states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  In the Tenth Circuit, "[t]his is an 'extreme standard,' and fees should be awarded 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'"  *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotation marks omitted)).  Under that standard, Section 1927 sanctions are appropriate "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was

unwarranted." *Danielson-Holland v. Standley & Associates,* LLC, 512 F. App'x 850, 853 (10th Cir. 2013) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005)). Accordingly, "courts must 'strictly construe[]'" Section 1927 to prevent "dampen[ing] the legitimate zeal of an attorney in representing his client." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). In deciding whether to award Section 1927 attorney's fees and costs, courts must consider whether the conduct when "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court…." *Id.* (quoting *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotation marks omitted)).

In this situation, Plaintiff seeks to file a second amended complaint even though the statute of limitations bars the First Cause of Action against Knapp, Pope, and Kirst-Millspaugh and that cause of action does not relate back to the original complaint. Moreover, the remaining causes of action which Plaintiff proposes to bring against Knapp, Pope, and Kirst-Millspaugh are subject to dismissal under Rules 8(a)(2) and 12(b)(6). On the other hand, Plaintiff filed the Motion to Amend before the deadline for filing motions to amend expired, and, as discussed above, the Second Cause of Action against Knapp, Pope, and Kirst-Millspaugh meets the statute of limitations. Viewing these circumstances objectively and construing Section 1927 strictly, the Court cannot find that Plaintiff's counsel intentionally or recklessly disregarded their duty to the Court by filing the Motion to Amend. The conduct exhibited by Plaintiff's counsel simply does not rise to the extreme level required by Section 1927. The Court, therefore, denies CCA's request for an award of attorneys' fees and costs under Section 1927.

IT IS ORDERED that

1. Plaintiff's Second Motion to Amend her Complaint (Doc. 52) is granted in that Plaintiff has 30 days from the date of the entry of this Memorandum Opinion and Order to file a second amended complaint which (1) adds Knapp, Pope, and Kirst-Millspaugh as Defendants in the Second, Third, and Fourth Causes of Action, and (2) details what actions each of those individuals engaged in with respect to each of those causes of actions; and

2. CCA's request for a Section 1927 award of attorneys' fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE